JOHN C. ROCHESTER, Respondent-Appellant, *v.* HUGH G. BERGEN et al., Appellants-Respondents.

Second Department, March 1, 1943.

*Henry Vollmer, Jr.* (*John C. Osborne* with him on the brief), for respondent-appellant.

*Lloyd Paul Stryker* (*Howard A. Rochford* and *Harold W. Wolfram* with him on the brief), for appellants-respondents.

*Per Curiam.* The suit was brought to compel specific performance of and to restrain the defendants from interfering with the performance of a written contract dated March 10, 1936.

The provision of the contract between John C. and William L. Rochester for a "reciprocal contract of employment for a period of ten years starting from January 1st, 1936," may not be validly construed, as the plaintiff contends, as an agreement that they should be retained during that period as treasurer and president, respectively, of the defendant corporation. The directors of a corporation may not thus fetter in advance their discretion as to the selection and maintenance in office of the officers of a corporation. (*McQuade* v. *Stoneham*, 263 N. Y. 323.) The plaintiff failed to establish his contention that all the stockholders had consented to such a perpetuation of his office. Since there were outstanding stock interests held by persons other than John and William Rochester, the corporation could not be considered, as the plaintiff urges, merely as a "chartered partnership" in which the Rochesters were the sole members. Furthermore, the evidence shows that the preferred stockholders accepted their stock interests not merely as security for, but in payment of, the amounts owed them by a previously existing partnership, whose liabilities had been assumed by the corporation. The agreement does not obligate defendant William L. Rochester to pay to the plaintiff any portion of the former's remuneration or earnings from the corporation. Accordingly, the plaintiff is not entitled to an accounting of the sums received by William L. Rochester and the members of his family from the corporation. The court properly dismissed, without prejudice, the plaintiff's claim of a conspiracy among the defendants. It also properly rejected the plaintiff's claim that one-half of the stock purchased by one Elizabeth Rochester should be transferred to him on the books of the corporation.

The judgment, and the order amending the judgment, should be reversed on the law and the facts, with one bill of costs to defendants, and the complaint should be dismissed on the law, with one bill of costs to defendants.

Findings of fact and conclusions of law inconsistent herewith should be reversed and new findings and conclusions should be made.

CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and LEWIS, JJ., concur.

Judgment, and order amending judgment, reversed on the law and the facts, with one bill of costs to defendants, and the complaint dismissed on the law, with one bill of costs to defendants.

Inconsistent findings of fact and conclusions of law are reversed and new findings and conclusions will be made.

Settle order on notice within ten days from the date of this decision.