Van Voorhis, J.
(dissenting in part). We are in accord with the majority in determining certain provisions of the will to be invalid, but would go farther. Other directions contained in the same testamentary trust are invalid, in our view, and all of these invalid clauses are too fundamental to the purpose of the testator to be excised. The testator plainly said in his will *790 and codicils that the creation of this trust was conditioned upon the very provisions which are being held to be invalid, and other portions of the will demonstrate them to have been vital to his purposes. We think that the entire trust fails and that its corpus should pass by intestacy. In order to make this clear, it is necessary to state further facts regarding the testamentary disposition of this estate.
The testator was active in a business known as W. S. Wilson Corporation in which he owned 68% of the outstanding shares. These shares were bequeathed to a trust, the validity of which is under adjudication, described in the will as Trust No. 1. With the exception of testator’s widow, who is also named as trustee, the testamentary trustees are six in number all of them being in the employ of W. S. Wilson Corporation. The will provides that they shall serve as testamentary trustees without remuneration except from the corporation, and that they shall continue as testamentary trustees for only so long as they remain in its employ. They have served for several years but now find themselves confronted with possible conflicting fiduciary obligations in their capacities as trustees under the will and as directors of the corporation. They have accordingly petitioned for a construction of the will by determining the trust to be invalid. In that event the trust assets would devolve upon the widow and daughter of the decedent by intestacy. They are neutral in the litigation, although their property rights would be increased if petitioners-appellants were to succeed. The only adverse party is the special guardian for infant remaindermen. The will, by its terms, requires petitioners-appellants to vote testator’s stock for themselves as directors of the corporation, and calls upon them to conduct the corporation’s affairs so that they will continue as employees, whom he said in his first codicil that he had chosen “ after careful consideration because of my personal confidence in them and it is my firm conviction that they are capable individuals, familiar with the affairs of the corporation and qualified as a group to profitably operate the business of the corporation.” By the first codicil the testator directed that Arthur V. Q-raseclc be elected and retained in office as president of the corporation to be in charge of the general management thereof, and Lester E. Caler as secretary. In addition to voting for themselves as directors and continuing the persons last named as officers, testator attempted to provide for the operation of the affairs of the corporation by his tésta *791 mentary trastees without interference, the employment of testator’s widow (and, upon her death, his daughter) as chairman of the board at a minimum compensation of $12,000 per annum plus a bonus, coupled with a mandate to the trustees to permit no increase in the rate of commission to be received by salesmen of the corporation unless its business exceeded a specified amount.
Except for the direction that the testamentary trustees are to vote for themselves as directors, these directions were clearly void in violation of section 27 of the General Corporation Law which provides that the business of a corporation shall be managed by its board of directors (Manson v. Curtis, 223 N. Y. 313; McQuade v. Stoneham, 263 N. Y. 323; Long Park, Inc., v. Trenton-New Brunswick Theatres Co., 297 N. Y. 174; Rochester v. Bergen, 265 App. Div. 547, affd. 291 N. Y. 656). In his solicitude for the success of this corporation, it is manifest that the decedent endeavored to operate it from his grave by dictating to his testamentary trustees not only that they should utilize his majority stock ownership to elect themselves as directors, and by naming the officers, but likewise by determining what should he done in the conduct of the business by the officers whom as directors they would appoint. Under the cases cited above, it is illegal thus to restrict the powers of directors to use their judgment as fiduciaries in the conduct of the business of the corporation. The majority of the court agree insofar as concerns the direction to appoint the widow or daughter of the testator as chairman of the board at a salary of $12,000 or more per annum. In this respect we agree with the court majority.
Where we differ with the majority is that we consider that this and the other invalid clauses above mentioned were fundamental to the purpose of the testator, and cannot be excised without destroying the entire trust. The dissenting opinion at the Appellate Division, which has been adopted by this court, is clearly in error in pointing to paragraphs Thirteenth, Fourteenth and Fifteenth of the will as manifesting an intention that the trust be given effect even though the provisions above mentioned be declared to be invalid. The only portion of paragraph Thirteenth which could possibly be relevant is that which provides for a reduction in the number of trustees if the $12,000 plus bonus is not paid in full for any year to his widow or daughter as chairman of the hoard. This does not amount to a direction that the trust shall be in existence even if the *792 mandatory direction were excised that his widow or daughter should be chairman of the board at the remuneration mentioned. Paragraphs Fourteenth and Fifteenth simply provide that, in any contingency described in paragraph Thirteenth, the Irving Trust Company shall administer the trust as sole trustee. If the contingency which has been described under paragraph Thirteenth does not occur, which clearly has no relation to carving up the will by eliminating this mandatory provision contrary to the testator’s intention, then none of the paragraphs cited in the dissent at the Appellate Division apply.
The respondent special guardian has endeavored to expunge the language requiring the appointment of the widow or daughter as chairman of the board at a salary as excisable on the theory that the law gives effect to conditional gifts by eliminating the condition if it be found to be illegal. That is true to the extent that the condition is severable, and one may believe that in determining whether it is severable the courts look to whether the testator would have -made the gift without the condition if he had been confronted by its illegality (Kalish v. Kalish, 166 N. Y. 368, 375; Matter of Durand, 250 N. Y; 45; Matter of Liberman, 279 N. Y. 458). The correct rule is stated in Scott, Trusts (2d ed., 1956, Vol. 1, pp. 581-582) that the gift is absolute unless it appears that the testator would probably have desired that if the condition should be illegal the gift should fail altogether. Not only is there no gift over here, in event that the condition be held void, from which the testator might have been deemed to have intended that the trust should be effectual even if the condition were held void, but also he stated specifically that if the condition should be illegal the gift should fail altogether. Words could hardly have been plainer than those which were used by the testator regarding this trust in the Sixteenth paragraph of his will, viz.: “ As a condition of this trust I direct that my W. S. Wilson Corporation stock shall be so voted as to provide for the services of both my Wife and my Daughter. The stock shall also be voted in such manner that my Wife shall serve as chairman of the board of directors of the said W. S. Wilson Corporation, and in the event of her death or disability, my Daughter shall replace her as such. The aggregate compensation for such services, whether rendered by my Wife or my Daughter or both shall be twelve thousand dollars ($12,000) plus a bonus as set forth in para *793 graph ‘ Eleventh ’.” In paragraph Third of the will, the testator again stated that it was his “ principal purpose and intent to enable my trustees to retain my stock in W. S. Wilson Corporation * * * upon the condition that a minimum income shall be thus payable to my Wife and my Daughter for life, and thereafter as herein provided.”
From this language, and from the structure of the will as a whole, the testator made it clear that he had no intention of creating this trust unless these invalid directions were to be given effect. Under these circumstances we see no legal manner in which they can be excised, and, therefore, the corpus of the trust should go to the widow and daughter by intestacy. Even if the intention of the testator had not been expressly stated to this effect in his will, it is probable that his main object of conserving the business for the benefit of his wife and daughter and her children would be more nearly accomplished in this way in view of the practical difficulty of conducting the business under conflicting fiduciary responsibilities which are almost certain to operate to its detriment (see Krasnowiecki: Existing Rules of Trust Administration: A Stranglehold on the Trustee-Controlled Business Enterprise, 110 U. of Pa. L. Rev. 506-552, 816-846 [1961-1962]).
Order modified, etc.